Bubke, J.
(dissenting). We do not find sufficient evidence in the record to indicate a violation of section 1163 of the Vehicle and Traffic Law (failure to signal). That section reads in part: “ No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.” (Emphasis added.)
The underlying purpose of the Vehicle and Traffic Law is order and safety. There is no question that the requirements pertaining to manual and mechanical signals contribute significantly to this stated object. However, the requirements of each section must be given a reasonable construction in the light of legislative intent and the surrounding facts and circumstances. The pertinent provision of the section of the statute we are considering is self-explanatory. It evidently requires an appro *38 priate signal, not under any and all circumstances, but only in the event that other traffic may be affected by such movement. This is also apparent from an examination of a complementary section of the Vehicle and Traffic Law, which, prior to the enactment of section 1163, required, without qualification, the use of directional signals when making any turn. (Vehicle and Traffic Law, § 15, subd. 18.) However, with the enactment of section 1163 (L. 1957, ch. 698), subdivision 18 of section 15 was amended so as to omit this unqualified provision (Vehicle and Traffic Law, § 15, subd. 18, as amd. by L. 1957, ch. 698, § 18). The Legislature has, therefore, made express its recognition of the fact that there may be instances when no signal is required. Of course, while this may more frequently take place in the less densely populated and lightly traveled areas of the State, it may indeed occur anywhere.
In order to obtain a conviction under the statute, therefore, the proof must show beyond a reasonable doubt not only that appellant failed to give a signal before turning, and the existence of other traffic, hut also the presence of other traffic that might he affected hy such movement.
The proof of the elements of the violation involved depend solely on the testimony of the patrolman. On direct examination he made no reference to any other traffic in the area concerned. Indeed, as is apparent from the record, the patrolman was under the erroneous assumption that evidence of a mere failure to signal was sufficient to establish a violation. Under cross-examination by the appellant, the officer’s testimony was vague, inconclusive and evasive. Although he testified that there were vehicles proceeding west behind appellant, he could not, or would not, estimate their distance, despite the fact that he earlier admitted an unobstructed view of approximately 700 fe'et. In response to questions regarding traffic conditions on Richmond Avenue, the officer’s frank admission was “I don’t know ’ ’.
The only evidence from which an inference might be drawn of the existence of other traffic at times is the fact that six traffic lights were situated at the intersection. However, the incident in question took place on a Sunday afternoon in February, and the appellant unequivocally testified that there were no moving vehicles following or approaching him.
*39 We do" not believe the proof offered by the People establishes appellant’s guilt beyond a reasonable doubt. Even if the officer’s testimony were given a most favorable interpretation, there is still a lack of sufficient evidence of a most essential element (i.e., affected traffic) of the violation in question. The express language of the statute indicates the circumstance under which it is applicable. While it obviously encompasses more than merely heavy traffic, it is.equally obvious that it has no application when there is no affected traffic. In view of the fact that this distinction was totally disregarded, an affirmance of the conviction would be a subversion of the express intention of the Legislature.
Accordingly, the judgment appealed from should be reversed and the complaint dismissed.
Chief Judge Conway and Judges Dye and Fboessel concur with Judge Desmond; Judge Bubke dissents in an opinion in which Judges Fuld and Van Voobhis concur.
Judgment affirmed.